UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN K. HARRISON,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>Respondents. | No. 1:18-cv-01383-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 11)** |

Petitioner, Kevin K. Harrison, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner alleges that he has been held in Immigration and Customs Enforcement ("ICE") custody pursuant to three deportation orders since May 2, 2017. (Doc. 1 at 5.)

On February 14, 2019, Respondent filed the instant motion to dismiss, contending that on January 31, 2019, Petitioner was removed from the United States, and therefore is no longer in Respondent's custody. (Doc. 11.) Based on Petitioner's removal, Respondent contends this case

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

is moot and the Court does not have jurisdiction to proceed. The Court agrees with Respondent's position and will grant the motion to dismiss.

**I.     Standard of Review**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The Court may apply the Rules Governing Section 2254 Cases to the petition pursuant to § 2241. Rules Governing Section 2254 Cases, Rule 1(b).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Motions to dismiss petitions for writ of habeas corpus are construed as a request for the Court to dismiss the petition under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

**II.    Discussion**

A federal court may grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §2241(c)(3). A habeas petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).

Pursuant to the case or controversy requirement of Article III of the Federal Constitution, the Court does not have jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P. v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). Cases become moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Courts are "without power to decide questions that cannot affect the rights of the litigants before them." *N.C. v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-41 (1937)).

Here, the issue before the Court is the lawfulness of Petitioner's detention by Respondent. The relief which the Court could have afforded to Petitioner was an order releasing him from custody, if the Court determined his continued detention by ICE was unlawful. Petitioner was released from Respondent's custody on January 31, 2019; therefore, there is no further relief the Court can provide Petitioner. The petition is moot, and the Court will grant Respondent's motion to dismiss.

### III. Conclusion and Order

Based on the foregoing, the Court hereby ORDERS that:

1. Respondent's motion to dismiss is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED; and

3. The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated: **April 5, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE